**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 16 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-31907 |
| | ) | |
| Jennifer M. Hafner | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER DENYING MOTION TO WITHDRAW**

This case came before the court for hearing on September 13, 2011, on the Motion to Withdraw as Attorney for Trustee ("Motion") [Doc. # 30] filed by special counsel to the Trustee Jay E. Feldstein, Esq. ("Feldstein")The Trustee, Feldstein, an attorney for Feldstein, Debtor and attorney for Debtor appeared in person at the hearing.

Property of the bankruptcy estate includes a claim for personal injuries sustained by Debtor prepetition. Feldstein had been engaged by and represented Debtor in connection with prosecution of the claim, which is now more than three years old, before she filed this bankruptcy case on April 17, 2008. As expressly permitted by 11 U.S.C. § 327(e), notwithstanding that he had represented Debtor prepetition, Feldstein was then retained and employed by the Trustee as his special counsel to prosecute the personal injury claim on behalf of the estate. [Doc. #28]. As the state court proceedings on the claim have developed through mediation, the Trustee and Debtor apparently differ as to the value of the claim for settlement purposes. Mr. Feldstein therefore perceives that he is faced with a conflict of interest that requires him to withdraw from further service as special counsel for the Trustee. The Trustee opposes the

Motion because he believes that counsel's withdrawal will be detrimental at this point in the case to his effective stewardship of the claim and the progress of the litigation on behalf of the bankruptcy estate, which now owns the claim subject to Debtor's limited exemption rights.

The court retains the ultimate authority to approve or disapprove any settlement that might be proposed by the Trustee after motion, notice and an opportunity for hearing, *see* Fed. R. Bankr. P. 9019, subject to Debtor's rights and standing, if any under the circumstances, to object. The standard for court evaluation of any settlement proposed by the Trustee upon advice of his special counsel is whether it is in the best interests of the estate as within a range of reasonable outcomes. Debtor's greater interest in and willingness to roll the litigation dice for a greater recovery than might be in the Trustee's interests as a fiduciary on behalf of an estate does not preclude special counsel from providing an unbiased professional opinion as to what that range might be and negotiating and if necessary further litigating the claim on behalf of the Trustee given that range. Moreover, Debtor's bankruptcy counsel can advance any arguments that Debtor has standing to assert based on her interests under all of the relevant factors as part of the settlement approval process should a compromise be proposed by the Trustee. *Cf. In re Coonrod*, 2010 Bankr. 4717 (Bankr. D. Idaho Dec. 17, 2010).

Based on the foregoing, given the court's role with respect to any settlement proposed by the Trustee, *see In re Gelsinger*, 2000 U.S.Dist. LEXIS 1026 (E.D. Pa. Feb. 7, 2000)(court order eliminated potential conflict of interest for special counsel representing both spouse and non-debtor spouse in connection with personal injury claims), the standards for approval of any settlement, and on the reasons otherwise stated on the record by the court at the hearing, the court finds that there is not a substantial risk under the circumstances that Feldstein's ability to evaluate, recommend and carry out an appropriate course of action for the Trustee will be materially limited by former responsibilities to Debtor. *See* Ohio Prof. Cond. Rule 1.7(a).

**IT IS THEREFORE ORDERED** that Motion to Withdraw as Attorney for Trustee [Doc. # 30] filed by special counsel to the Trustee, Jay E. Feldstein, Esq., be, and hereby is, **DENIED, without prejudice.**